**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BEN STUCKEY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1284-MJR |
| | ) | |
| ROGER MULCH | ) | |
| and UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently a pretrial detainee at the Jefferson County Justice Center (Jail), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants housed him in unconstitutional conditions and were deliberately indifferent to his serious medical needs.

More specifically, Plaintiff complains that since approximately August 21, 2012, through the date he submitted this action for filing (December 14, 2012), he has been in "D-Block" of the jail, designated for detainees who are non-compliant with jail rules. Plaintiff himself had never had any disciplinary problems, but was assigned there "at the convenience of the County" (Doc. 1, p. 5). D-Block inmates are required to leave their two-man cells at 6:00am and must remain in the jail dayroom until 10:30pm. While in the dayroom, Plaintiff must either stand or walk around on concrete all day, and if he wants to rest, must either sit on a steel stool or lie down on a blanket on the concrete floor. The other ten blocks in the jail allow inmates to freely return to their bunks to sleep, read, or rest.

Plaintiff also asserts that medical care at the jail is inadequate. He references the

delay in obtaining emergency medical treatment for a broken arm (which is the subject of an earlier suit filed by Plaintiff, *Stuckey v. Mulch*, 12-cv-1250-JPG (S.D. Ill., filed Dec. 10, 2012)). He then claims to have received no treatment at all to date "for the other injuries sustained in the second incident" (Doc. 1, p. 5). However, he does not specify what injury he suffered in this "second incident." Nor does he include any facts as to when this injury occurred, what treatment he requested, or which jail staff member(s) he asked for help. He states only that he is at risk of serious complications due to the conditions in the jail.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted, and it shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to present any factual allegations that may exist to support his claim that jail officials were deliberately indifferent to his medical needs following his "second" injury **(Count 1)**.

For the Court's convenience, Plaintiff's claim that he has been subjected to unconstitutional conditions of confinement in the D-Block dayroom is designated as **Count 2**. This count shall be dismissed with prejudice, because the conditions described by Plaintiff do not rise to the level of a constitutional violation.

Claims brought pursuant to § 1983 by a pretrial detainee arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v.*

*Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).  Thus, for a claim that conditions of a detainee's confinement amounted to "cruel and unusual punishment," a plaintiff must show that jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk.  *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Id*.  The condition must result in unquestioned and serious deprivations of basic human needs, or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).  Temporary discomfort and inconvenience do not implicate the constitution.  *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim, in other words, the intent

with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. This requires that a prison official had a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The subjective component is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The conditions in the D-Block dayroom clearly are stark and uncomfortable. However, nothing in Plaintiff's complaint indicates that these conditions amounted to the kind of "unquestioned and serious deprivation of basic human needs" that would satisfy the objective component of a conditions claim. Nor is there any indication that prison officials placed Plaintiff in D-Block with the intention of punishing him by confining him in those conditions. Further, an inmate does not possess a liberty or property interest in his prison classification or assignment. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976), and *Meachum v. Fano*, 427 U.S 215, 223-24 (1976)). It follows that prison or jail officials may assign an inmate to any facility, or to any housing area within a jail, without infringing on the inmate's constitutional rights. Therefore, Count 2 shall be dismissed with prejudice, for failure to state a constitutional claim upon which relief may be granted.

**Pending Motion**

The motion to appoint counsel (Doc. 2) shall be held in abeyance pending Plaintiff's submission of an amended complaint, as outlined below.

**Disposition**

Plaintiff's complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted. **COUNT 1** (Deliberate Indifference to Medical Needs) is

**DISMISSED** without prejudice.  **COUNT 2** of the complaint (Conditions of Confinement) is **DISMISSED** with prejudice.

Should Plaintiff wish to proceed on his deliberate indifference claim in **COUNT 1**, he shall file his First Amended Complaint, stating any facts which may exist to support a claim of deliberate indifference to his medical condition after his "second" injury, and naming the individual Defendants directly responsible for the alleged deprivations in Count 1, within 35 days of the entry of this order (on or before February 27, 2013).  The amended complaint shall not include the claim dismissed in Count 2 above.  The amended complaint shall be subject to review pursuant to § 1915A.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any prior pleading.  Should the First Amended Complaint not conform to the requirements herein, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of Count 1 becoming a dismissal with prejudice.  Furthermore, because Plaintiff has failed to state any other constitutional claim, if he fails to file an amended complaint or if the amended complaint does not state a claim upon which relief may be granted, the entire action shall be dismissed and shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Further, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 22, 2013**

_s/ MICHAEL J. REAGAN
United States District Judge